ACCEPTED
01-15-00643-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/8/2015 4:30:58 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00643-CR

IN THE COURT OF APPEALS
FIRST SUPREME JUDICIAL DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/8/2015 4:30:58 PM
CHRISTOPHER A. PRINE
Clerk

HAROLD T. SAMUELS, APPELLANT

V.

THE STATE OF TEXAS

APPEALED FROM THE 337TH DISTRICT COURT
OF HARRIS COUNTY, TEXAS
CAUSE NUMBER
1401787

APPELLANT'S BRIEF

TED DOEBBLER
ATTORNEY FOR APPELLANT
T.B.A. # 05942500
P.O. BOX 55012
HOUSTON, TEXAS 77055-5012
832.573.9595 TEL
tdoebbler@gmail.com

## NOTICE OF INTERESTED PARTIES

### PRESIDING JUDGE AT TRIAL

The Honorable Judge Renee Magee.

### ATTORNEYS FOR THE STATE,

Mr. Devon Anderson, District Attorney for Harris County, Texas, Appellate Division.

Assistant District Attorney at trial, Lester Blizzard

### ATTORNEYS FOR THE APPELLANT

Appellant's Attorney at P.S.I., Shanna Hennigan

Mr. Ted Doebbler (on appeal).

## SUBJECT INDEX

SUBJECT INDEX.............................................. I

INDEX OF AUTHORITIES.......................................II

STATUTES AND RULES....................................... III

STATEMENT REGARDING ORAL ARGUMENT......................... IV

JURISDICTION.............................................. 1

STATEMENT OF FACTS........................................ 2

POINT OF ERROR NUMBER ONE................................. 3

APPELLANT PLEADED GUILTY TO A FIRST DEGREE FELONY OF MISAPPLICATION OF FIDUCIARY PROPERTY, AN AMOUNT IN EXCESS OF 200,000.00 DOLLARS. THE STATUTE OF LIMITATION FOR SAID ALLEGED FIRST DEGREE FELONY OFFENSE IS 7 YEARS. APPELLANT'S INDICTMENT ALLEGED MISAPPLICATION DATES OUTSIDE OF THE 7 YEAR STATUTE OF LIMITATION. APPLICANT'S PUNISHMENT ADMONISHMENTS ARE FOR A FIRST DEGREE FELONY. APPELLANT'S INDICTMENT ALLEGED DATES OUTSIDE THE 7 YEAR STATUTE OF LIMITATIONS. THE ALLEGED DATES BEYOND SEVEN (7) THE STATUTE OF LIMITATIONS, COULD HAVE LESSENED THE RANGE OF PUNISHMENT. THEREFORE, APPELLANT WAS MISINFORMED AS TO POSSIBLE DEFENSES AND IMPROPER PUNISHMENT ADMONISHMENTS AND COULD HAVE BEEN SENTENCED BEYOND THE PROPER RANGE OF PUNISHMENT.

Statement of facts........................................ 3

Argument and Authorities.................................. 5

PRAYER.................................................... 7

CERTIFICATE OF SERVICE.................................... 7

# INDEX OF AUTHORITIES

Martinez v. State,  03-12-00273-CR
(Tex. App. 2014).........................................5

Phillips v. State, 362 S.W. 3d 612, 617-618,
(Tex. Crim. App. 2011)..................................5

Proctor v. State,  967 S.W. 2d 840, 843
(Tex. Crim. App. 1998).................................5

# STATUTES AND RULES

Tex. R. App. P. 25........................................I

Tex. R. App. P. 39......................................III

Art. 12.01, (3)(A), V.A.C.C.P..........................5, 6

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 39, Appellant waives oral argument in this case.

# JURISDICTION

Appellant, Harold T. Samuels, was Indicted for the First Degree Felony Offense of Misapplication of Fiduciary Property alleged to have occurred between the dates of September 27, 2004 and continuing through June 4, 2007. The total amount alleged misapplied was in excess of $200,000.00. Said alleged misapplication occurred in Harris County, Texas.

Appellant was indicted in Harris County, Texas, on September 18, 2013, approximately 8 years, 11 months and 21 days after the first alleged Misapplication Indictment date.

Appellant pleaded guilty to the Court. The Court received Appellant Plea of Guilty and reset for a Pre Sentence Investigation (P.S.I.).

Prior to Appellant's Plea of Guilty, Appellant filed a sworn written Motion for Community Supervision alleging that Appellant has never been before convicted in this State or any other State, in the United States, of a felony offense or has never been placed on adult Community Supervision in this State or any other State in the United States.

At the P.S.I. Hearing, Appellant's counsel requested Community Supervision. The State requested 20 years incarceration.

At the P.S.I. Hearing, Appellant did not testify.

After reviewing the evidence and listening to oral arguments, the Court assessed punishment at 14 years in the Texas Department of Criminal Justice, Institutional Division.

1

Appellant was immediately sentenced.

## STATEMENT OF FACTS

Appellant was charged and Indicted for the Felony Offense of Misapplication of Fiduciary Property alleged to have occurred between the dates of September 27, 2004 and continuing through June 4, 2007. The total amount alleged misapplied was in excess of $200,000.00, a First Degree Felony. Said alleged misapplication occurred in Harris County, Texas.

Appellant was indicted in Harris County, Texas, on September 18, 2013, approximately 8 years, 11 months and 21 days after the first alleged Indictment date.

Appellant pleaded guilty to the Court. The Court received Appellant Plea of Guilty and reset for a Pre Sentence Investigation (P.S.I.).

Prior to Appellant's Plea of Guilty, Appellant filed a sworn written Motion for Community Supervision alleging that Appellant has never been before convicted in this State or any other State, in the United States, of a felony offense or has never been placed on adult Community Supervision in this State or any other State in the United States.

At the P.S.I. Hearing, Appellant's counsel requested Community Supervision. The State requested 20 years incarceration.

At the P.S.I. Hearing, Appellant did not testify.

2

After reviewing the P.S.I., evidence and listening to oral arguments, the Court assessed punishment at 14 years in the Texas Department of Criminal Justice, Institutional Division.

## POINT OF ERROR NUMBER ONE

APPELLANT PLEADED GUILTY TO A FIRST DEGREE FELONY OF MISAPPLICATION OF FIDUCIARY PROPERTY, AN AMOUNT IN EXCESS OF 200,000.00 DOLLARS. THE STATUTE OF LIMITATION FOR SAID ALLEGED FIRST DEGREE FELONY OFFENSE IS 7 YEARS. APPELLANT'S INDICTMENT ALLEGED MISAPPLICATION DATES OUTSIDE OF THE 7 YEAR STATUTE OF LIMITATION. APPLICANT'S PUNISHMENT ADMONISHMENTS ARE FOR A FIRST DEGREE FELONY. APPELLANT'S INDICTMENT ALLEGED DATES OUTSIDE THE 7 YEAR STATUTE OF LIMITATIONS. THE ALLEGED DATES BEYOND SEVEN (7) THE STATUTE OF LIMITATIONS, COULD HAVE LESSENED THE RANGE OF PUNISHMENT. THEREFORE, APPELLANT WAS MISINFORMED AS TO POSSIBLE DEFENSES AND IMPROPER PUNISHMENT ADMONISHMENTS AND COULD HAVE BEEN SENTENCED BEYOND THE PROPER RANGE OF PUNISHMENT.

## STATEMENT OF FACTS

Appellant was Indicted on September 18, 2013. Appellant was charged and Indicted for the Felony Offense of Misapplication of Fiduciary Property alleged to have occurred between the dates of September 27, 2004 and continuing through June 4, 2007. The total amount allegedly misapplied was in excess of $200,000.00, a First Degree Felony. Said alleged misapplication occurred in Harris County, Texas.

Appellant was indicted in Harris County, Texas, on September 18, 2013. That Indictment date is 8 years, 11 months and 21 days after the first alleged date misapplication date of September 27, 2004 as contained in the Indictment for the Felony Offense of Misapplication of Fiduciary Property. The Statute of Limitations for the Felony Offense of Misapplication of Fiduciary Property is Seven (7) years.

Therefore, some of the misapplied funds, as alleged, in the Felony Offense of Misapplication of Fiduciary Property is outside of the Seven (7) years of the Statute of limitations. The record is silent as to the amount allegedly misapplied between September 27, 2004 through September 27, 2006 which dates are outside the Seven (7) years of the Statute of limitations.

Appellant was indicted in Harris County, Texas, on September 18, 2013. Therefore, Seven (7) years prior to September 18, 2013 is September 18, 2006. The amount alleged within 7 years of the Statute of limitations should have been between September 18, 2006 and June 4, 2007.

Appellant's Indictment alleges dates that are outside of the Statute of limitations. The Indictment alleges amounts that not within the Statute of Limitations. Therefore, said Indictment was and is defective on it's face. Appellant's punishment range could have been between 2 years and 10 years or 2 to 20 years in the Texas Department of Criminal Justice, Institutional Division.

Appellant was admonished on a First Degree Felony, not on a Second or Third Degree Felony. If said amounts misapplied that are within the Statutes of Limitation dates of September 18, 2006 and June 4, 2007, Appellant could be within a Third or Second Degree Felony punishment range. Appellant's Indictment should have alleged the dates been September 18, 2006 and June 4, 2007. Those dates are within the Statute of Limitations and comprises a Nine (9) month time period for alleged Felony Offense of Misapplication of Fiduciary Property.

4

At the conclusion of the P.S.I. Hearing, Judge rendered a verdict of guilty against and assessed punishment at Fourteen (14) years in the Texas Department of Criminal Justice, Institutional Division.

<u>Argument and Authorities</u>
<u>In Support of Point of Error Number One</u>

The Statute of Limitations, Art. 12.01, V.A.C.C.P., states felony indictments may be presented within these limits, and not afterward.

Art. 12.01, (3)(A), V.A.C.C.P., states that seven years from the date of the commission of the offense: misapplication of fiduciary property...

Therefore, Appellant's Indictment alleged dates beyond the Seven (7) Statute of Limitations as allowed under Art. 12.01, (3)(A), V.A.C.C.P.

In <u>Martinez</u> v. <u>State</u>, 03-12-00273-CR (Tex. App. 2014), The Court stated, citing <u>Phillips</u> v. <u>State</u>, 362 S.W. 3d 612, 617-618, (Tex. Crim. App. 2011) that if a "indictment shows on its face that prosecution is absolutely barred by the statute of limitations", then the statute of limitation defense is a question of "pure law", not fact.

In <u>Phillips</u>, the court indicated that the statute of limitation could be raised on appeal if it is a question of "pure law".

5

A statute of limitation defense is a procedural rule in the nature of a defense "that operates as an act of grace for the potential defendants, a voluntary surrendering by the people of their right to prosecute", Proctor v. State, 967 S.W. 2d 840, 843 (Tex. Crim. App. 1998).

Here, Appellant's Indictment, on it's face and as a matter of pure law, contained dates beyond the Seven (7) year Statute of Limitations as required under Art. 12.01, (3)(A), V.A.C.C.P., for the alleged misapplication of fiduciary property. If a Third Degree Felony, Appellant could have been sentenced beyond the range of punishment.

Appellant's point of error should be sustained. Accordingly, the Trial Court's judgment must be reversed and the cause must be remanded to the trial Court for a new trial or an acquittal ordered on the First Degree.

6

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court to consider error raised herein, to reverse Appellant's Conviction for the Felony Offense of Misapplication of Fiduciary Property and order a new trial as the law and justice demands.

Respectfully submitted,

Ted Doebbler
Attorney for Appellant
T.B.A. # 05942500
P.O. Box 55012
Houston, Tx. 77055-5012
832.573.9595 Tel
tdoebbler@gmail.com

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was served by delivered to counsel for Appellee, Devon Anderson, of Houston, Harris County, Texas, on October 6, 2015.

Ted Doebbler

7